**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE LUSTER,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>JAMES SCHOMIG; MARTHA SIMS,<br><br>    Defendants - Appellees. | No. 11-17769<br><br>D.C. No. 2:04-cv-00281-LRH-VCF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 19, 2012[**]

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

George Luster, a Nevada state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations arising from defendants' failure to provide adequate lighting. We have

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment for Sims on Luster's conditions-of-confinement claim because Luster failed to raise a genuine dispute of material fact as to whether he was actually denied adequate lighting in his cell. *See Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) ("To sustain an Eighth Amendment claim, the plaintiff must prove a denial of 'the minimal civilized measure of life's necessities,' occurring through 'deliberate indifference' by prison personnel or officers." (citations omitted)); *Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985) (finding Eight Amendment violation where the evidence showed that the prison lighting "was inadequate for reading . . . and hindered attempts to insure that basic sanitation was maintained").

Luster makes other claims concerning his motions for appointment of counsel, for leave to add a defendant, and for injunctive relief that are not supported.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

11-17769